### THOMAS vs. MEAD.

APPEAL from the court of the sixth district, the judge of the district presiding.

MARTIN, J. delivered the opinion of the court. The plaintiff, curator of the estate of Thomas Harman, deceased, claims two negroes, in the defendant's possession, as part of

If a suit be brought to set aside a conveyance obtained by fraud, and the fraud be clearly proved, the conveyance will be set aside, *between the parties*, but the rights of third

8NS 341
115 865

8NS341
f124 862

THOMAS
*vs.*
MEAD.

persons, who are purchasers, without notice, will not be disregarded.

the estate. The defendant pleaded the general issue and title in himself. The plaintiff now, by leave of the court, amended his petition, alleging, that the sale to the defendant's vendor and the defendant was fraudulent, illegal and void.

There was a bill of exceptions to the opinion of the court, allowing the filing of the amended petition: so that it was properly admitted, it did not change, as is alleged, the nature of the action, and was called for by the nature of the defence.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

Admitting, that the conveyance from Thomas Harman to his children was fraudulent, or made to defraud his creditors, and therefore voidable, the defendant was a bona fide purchaser, and cannot be affected, by a fraud committed in a transaction to which he was not a party. He purchased from a person having an apparently legal right, and paid a full consideration.

If a suit be brought, to set aside a conveyance obtained by fraud, and the fraud be clearly proved, the conveyance will be set aside, *between the parties*, but the rights of

third persons, who are purchasers, without notice, will not be disregarded. *Fletcher vs. Peck*, 6 *Cranch*, 133.

THOMAS
*vs.*
MEAD.

Titles which, according to every legal test are perfect, are acquired, with a confidence which is improved by the opinion, that the party is safe. If there be any concealed defect, arising from the conduct of those who had held the property, long before he acquired it, of which he had no notice, that concealed defect cannot be set up against him. *Ib.*

And the decision of the supreme court of the United States, was unanimously given, that an estate, having passed into the hands of a purchaser, for a valuable consideration, without notice, his title could not be affected, by any fraud in the conveyance by which his vendee had acquired his title.

In the present case, the defendant acquired his title fairly, for a valuable consideration, without notice of any fraud in his vendor's conveyance: he, therefore, cannot be disturbed.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed: but, as

West'n. District.
October, 1829.

THOMAS
*vs.*
MEAD.

the conveyance to the present defendant is urged not to be an absolute one, and the right of his vendor may, in case of fraud, be in the latter claimed by the plaintiff—it is ordered, that there be judgment for the defendant, as in case of a non-suit, with costs in both courts.

*Thomas* for the plaintiff, *Flint* and *Boyce* for defendant.